NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY T. DEFRANCESCO,

        Plaintiff-Appellant,

v.

ARIZONA BOARD OF REGENTS; et al.,

        Defendants-Appellees.

No.   21-16530

D.C. No. 4:20-cv-00011-CKJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted December 9, 2022
Phoenix, Arizona

Before: WARDLAW and BUMATAY, Circuit Judges, and GLEASON,[**] District
Judge.

Anthony T. DeFrancesco (DeFrancesco) appeals the district court's order

dismissing his Title VII, Equal Protection Clause, and First Amendment claims

against the University of Arizona Health Sciences (UAHS), UAHS Senior Vice

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Sharon L. Gleason, Chief United States District Judge
for the District of Alaska, sitting by designation.

President Michael Dake (Dake), and President Robert Robbins (Robbins) (collectively "Defendants"). DeFrancesco alleges that Defendants retaliated against him after his spouse, then-UAHS Chief Financial Officer Gregg Goldman (Goldman), opposed UAHS' hiring of Dake. The complaint specifically alleges that Dake subjected DeFrancesco to a months-long pattern of harassment, culminating in his termination, motivated both by Goldman's speech and DeFrancesco's sexual orientation.

The district court dismissed DeFrancesco's First Amendment claims with prejudice. The district court also ruled that DeFrancesco failed to allege a Title VII or Equal Protection Clause claim, but allowed DeFrancesco leave to amend his original complaint. Following amendment, the district court dismissed his Title VII and Equal Protection Clause claims with prejudice.

We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.

1. The district court properly dismissed with prejudice DeFrancesco's claims of sexual orientation discrimination under Title VII and the Equal Protection Clause. DeFrancesco correctly contends that the district court erroneously applied the four-factor test from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), a summary judgment standard, to his Title VII claims. *See also Austin v. Univ. of Oregon*, 925 F.3d 1133, 1136 (9th Cir. 2019) (citations

2

omitted) ("[T]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."). Nonetheless, because DeFrancesco failed to allege facts leading to a reasonable inference that he suffered adverse employment action on the basis of his sexual orientation, the district court properly dismissed these claims.

Under Title VII, it is "unlawful . . . for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . ., because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Discrimination based on sexual orientation amounts to discrimination based on sex under Title VII. *Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1741 (2020).

Here, DeFrancesco "failed to adequately allege discriminatory intent" on the part of the Defendants. *See, e.g.*, *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012). While it is undisputed that DeFrancesco is a member of a protected class based on his sexual orientation, his factual allegations of discrimination do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For example, DeFrancesco alleges that because Robbins and Dake specialized in surgery—which he claims has "a reputation for a jock/frat culture"—they must be biased against gay men, which is an unreasonable, conclusory contention that reflects a mere stereotype of surgeons.

Additionally, while DeFrancesco alleges discrimination because "the University hired a heterosexual male" for a promotion he wanted, the complaint also alleges that DeFrancesco, a three-year employee at UAHS, was passed over in favor of a fifteen-year employee of UAHS. These allegations give rise to an inference that the Defendants promoted the more experienced employee. While the complaint further alleges that, after Goldman left the University, "Dake told DeFrancesco that he has 'a decision to make' now that DeFrancesco's husband had left the University," that remark appears motivated by Goldman's vocal opposition to Dake's hiring, not Dake's animus toward DeFrancesco's marriage.

As DeFrancesco failed to plead facts that "permit [us] to infer more than the mere possibility of misconduct" under Title VII, his claim was properly dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because an Equal Protection Clause claim also requires DeFrancesco to "show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class," *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), the district court also properly dismissed his constitutional claim. As DeFrancesco already had one opportunity to amend his complaint and does not assert that he can plead additional facts to demonstrate Defendants' bias, the district court did not abuse its discretion in denying leave to amend his discrimination claims a second time. Ultimately, DeFrancesco does not identify any facts linking his sexual

4

orientation to the termination decision or suggesting that the Defendants' actions reflected an intent to discriminate against him because he is gay. Instead, the facts DeFrancesco pleads support an inference that he was terminated because he is married to a person who spoke out against the Defendants' actions.

2.     The district court abused its discretion by denying DeFrancesco leave to amend his First Amendment claim. The district court ruled that Goldman engaged in unprotected speech, and alternatively, UAHS was entitled to qualified immunity. The district court found that Goldman spoke pursuant to his official duties on "individual personnel disputes and grievances," *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009) (citation omitted), not a matter of public concern. *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).

DeFrancesco's original complaint alleged that Goldman reported to President Robbins that "Dake did poorly in interviews" and that "hiring Dake would be the worst mistake he could make." While this speech can be construed to implicate only workplace grievances or a "personality dispute," *see Desrochers v. City of San Bernardino*, 574 F.3d 703, 712 (9th Cir. 2009), DeFrancesco contends that, if permitted to amend his complaint, he would allege facts demonstrating that Goldman spoke as a whistleblower on cronyism and corruption at UAHS, a "public health organization . . . with an annual budget of over $1 billion and over 500 employees." Allegations of government misconduct—including the rigging of the

5

executive search process and the mismanagement of a hospital—can constitute protected speech as a matter of public concern. *See Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 978 (9th Cir. 2002) (holding that a physician's internal protest of layoffs "touched on the ability of the hospital to care adequately for patients" and was therefore a matter of public concern); *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004) (holding that a genuine issue of material fact existed as to whether speech addressed a matter of public concern when an employee expressed disapproval of her employer's allegedly unlawful treatment of another employee). The district court should have permitted DeFrancesco to amend his complaint to allege Goldman's whistleblowing speech and facts that demonstrate that Goldman spoke outside the "scope and content of [his] job responsibilities." *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1131 (9th Cir. 2008).

The district court also concluded that DeFrancesco's claims were barred by qualified immunity because DeFrancesco's First Amendment right to be free from retaliation for the speech of his spouse is not "clearly established." *Pearson v. Callahan*, 555 U.S. 223, 227 (2009). "Determining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018). "If the operative complaint 'contains even one allegation of a harmful act that would constitute a violation of a

6

clearly established constitutional right,' then plaintiffs are 'entitled to go forward with their claims.'" *Id.* (quoting *Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865, 872 (9th Cir. 1992)).

Accordingly, the district court should have granted DeFrancesco leave to amend his complaint and should reconsider its qualified immunity ruling under the allegations of the amended complaint. We therefore need not and do not decide whether there is a clearly established First Amendment right based on a plaintiff's intimate association with a person engaged in protected speech.

**AFFIRMED IN PART AND REVERSED IN PART.**